# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:73-cv-00013-LDG |
| v. | |
| ORR WATER DITCH COMPANY, *et al*., | **ORDER** |
| Defendants. | |
| In Re: Nevada State Engineer's Permit #68724 | |

William Ben Scott and Sandra Scott (the Scotts) appeal the Nevada State Engineer's decision granting Application #68724, submitted by Bennie Damonte, Eva Damonte, and Nevada Tri Partners (the Damontes), to change the point of diversion and the place and manner of use of 143 acre-feet of water. The Scotts argue that the State Engineer should not have granted Application #68724 in its entirety, because the Scotts, rather than the Damontes, own a portion of the water rights that were transferred. Having considered the arguments, the Court will deny this appeal.

1    This court has jurisdiction of this appeal of the State Engineer's decision pursuant to
2 its continuing jurisdiction to administer the Orr Ditch Decree. *United States v. Orr Water*
3 *Ditch Co.*, 914 F.2d 1302, 1306 (9th Cir. 1990).
4    The court reviews *de novo* the Nevada State Engineer's interpretation of questions
5 of law. *Town of Eureka v. State Engineer*, 108 Nev. 163, 165 (1992). As to factual
6 findings, the State Engineer's findings are "prima facie correct, and the burden of proof
7 shall be upon the party attacking the same." Nev. Rev. Stat. §533.450(9). As such, this
8 court must limit itself to determining "whether substantial evidence in the record supports
9 the State Engineer's decision. *State Engineer v. Morris,* 107 Nev. 699, 701 (1991).
10    As relevant to the water rights at issue on this appeal, in the 1950s, predecessors-
11 in-interest to Scotts and the Damontes agreed to exchange water rights. At that time, the
12 Damontes' predecessors received water through the Last Chance Ditch, and the Scotts'
13 predecessors received water through the Steamboat Canal. As a result of the exchange,
14 the Damontes received water through the Steamboat Canal, and the Scotts received water
15 through the Last Chance Ditch.
16    The deeds reciting these exchanges provided that (a) the Scotts' predecessor
17 transferred "eleven (11) inches of water" flowing in the Steamboat Ditch, which was
18 represented by eleven shares of capital stock in the Steamboat Canal & Irrigation
19 Company, together with the eleven shares of capital stock; and (b) the Damontes'
20 predecessor transferred "eleven (11) inches of water" flowing in the Last Chance Ditch,
21 which was represented by eleven shares of capital stock in the Last Chance Irrigation
22 Company, together with the eleven shares of capital stock.
23    As conceded by the Scotts, these deeds did not quantify the amount of water rights
24 transferred in acre-feet. Rather, the deeds quantified the water rights transferred in terms
25 of the rate at which water could be diverted from the respective ditches. Relying upon
26 several different factors, the State Engineer reached the conclusion that quantity of water

2

that could be diverted, and thus the amount of water rights, transferred by the Scotts' predecessors to the Damontes' predecessors was 78.76 acre-feet of water. (By contrast, these same factors indicated that the Damontes' predecessors transferred 31.68 acre-feet of water rights to the Scotts' predecessors.)

The Scotts assert that, several years before these deeds were executed, the Damontes' predecessors recited, in an application to transfer the point of diversion, manner and place of use of the relevant Last Chance Ditch water rights, that they were in the process of agreeing, with property holders receiving water from the Steamboat Canal, to an *equal* exchange of water. As 78.76 acre-feet of water is not equal to 31.68 acre-feet of water, the Scotts argue that the State Engineer inappropriately reformed the deeds to result in an unequal exchange of water, rather than an equal exchange that had been intended. The Scotts ask this court to remand this matter to the State Engineer to exclude the disputed water rights from Permit 68724 pending a determination by a state district court to resolve the issue of title to the disputed water rights.

In response, the State Engineer asserts that, pursuant to the deeds, the Damontes must be considered to be the owner of all water rights at issue. The State Engineer further argues that the Scotts can pursue their quiet title action in state district court without this matter being remanded and, if the Scotts succeed in that action, he will be required to conform existing permits, including Permit #68724, to that decision.

The Damontes respond that the Scotts are barred from challenging the State Engineer's granting of Permit #68724, because the Scotts (or their predecessors) did not challenge a 1973 application, which was granted, to change the point of diversion and place and manner of use of all the water rights that are now the object of Application #68724 (including the water rights now challenged by the Scotts).

Having considered this matter, the Court will adopt the remedy suggested by the State Engineer. As the Scotts argue, the State Engineer does not resolve questions of

title. The Scotts have not shown that the State Engineer resolved a question of title. Rather, the State Engineer appropriately relied on available evidence to approve an application to change an existing point of diversion and place and manner of use of certain water rights. As recognized by the State Engineer and the Scotts, the task of quieting title is reserved to the state district court. Remand is not required to permit the Scotts to initiate a quiet title action in state court. Indeed, in their reply brief, the Scotts indicate they have already initiated such action. Further, as the Scotts' concede, if they obtain a verdict in their favor, a remedy remains available to them to correct Permit #68724, as the State Engineer is required to conform existing permits to reflect determinations of title. Accordingly,

THE COURT **ORDERS** that the Scotts' Appeal of the Nevada State Engineer's issuance of Permit #68724 is DENIED.

DATED this __31__ day of March, 2008.

_____
Lloyd D. George
United States District Judge